**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

---

DARRELL DEMPS,

    Petitioner,

v.                                                       Case No. 07-CV-12595

HUGH WOLFENBARGER,

    Respondent,

_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Darrell Demps, presently incarcerated at the Huron Valley Men's Complex in Ypsilanti, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(b)(ii). For the reasons stated below, the court will deny the petition for writ of habeas corpus.

**I. BACKGROUND**

Petitioner pleaded guilty to one count of first-degree criminal sexual conduct in Macomb County Circuit Court. The victim was the fourteen-year-old stepdaughter of his maternal uncle. In exchange for his plea, the prosecutor agreed to dismiss one count of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct against Petitioner. There was also a sentence agreement that Petitioner would receive no more than 180 months (fifteen years) on his minimum sentence. On March 8, 2005, Petitioner was sentenced to 14 to 40 years in prison.

1

Petitioner, through appellate counsel, subsequently filed a motion to withdraw his plea, a motion for re-sentencing, and a motion for an evidentiary hearing with Macomb County Circuit Court, in which he raised the three issues that he raises in his petition. The Macomb County Circuit Court denied Petitioner's motions. *People v. Demps,* No. 2004-4366-FC (Macomb County Circuit Court, June 20, 2006). Petitioner's conviction and sentence were affirmed on appeal. *People v. Demps,* No. 271605 (Mich. Ct. App. October 9, 2006); *lv den* 728 N.W. 2d 871 (Mich. 2007).

Petitioner now seeks a writ of habeas corpus on the following grounds:

I. [Petitioner] should be allowed to withdraw his plea where he received illusory consideration as he could not have been found guilty of CSC 1 (relationship) in the first place where he was not related to the victim within the fourth degree of affinity and more specifically, where they are not related at all.

II. [Petitioner should be re-sentenced where] (1) his guidelines were incorrectly scored; (2) [there is] no record evidence to support the score; (3) he was sentenced based upon inaccurate information; and where (4) [he was sentenced based on] conduct that was not proved by a preponderance of the evidence.

III. Petitioner should be allowed to withdraw his plea and/or be re-sentenced where he received ineffective assistance of counsel for, inter alia, trial counsel's failure to object to the plea and sentence errors.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

2

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. DISCUSSION

### A. Plea Withdrawal

Petitioner first contends that he should have been allowed to withdraw his plea, on the ground that the consideration that he received for pleading guilty was illusory in that he could not have been found guilty of first-degree criminal sexual conduct, because he was not related by blood or affinity to the fourth degree with the victim.

Initially, the court observes that Petitioner has no federal constitutional right or absolute right under state law to withdraw his guilty plea. *See Adams v. Burt,* 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted). Therefore, unless the

plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty plea is discretionary with the state trial court. *See Hoffman v. Jones,* 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001).

A plea of guilty must be knowingly and voluntarily made. The defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-509 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*i.e.* bribes). *Id.* at 509. A federal court will uphold a state court guilty plea if the circumstances demonstrate that

4

the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty. See *Hastings v. Yukins,* 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002).

Petitioner pleaded guilty to first-degree criminal sexual conduct pursuant to Mich. Comp. Laws § 750b(1)(b)(ii), which reads:

> (1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:
>
> > (b) That other person is at least 13 but less than 16 years of age and any of the following:
> >
> > (ii) The actor is related to the victim by blood or affinity to the fourth degree.

Petitioner contends that because the victim was the stepdaughter of his maternal uncle, she was not related to Petitioner by "blood or affinity to the fourth degree," therefore, he could not have been found guilty of first-degree criminal sexual conduct.

The trial court, in denying Petitioner's motion to withdraw his guilty plea, rejected this argument:

> In *People v Armstrong*, 212 Mich App 121; 536 NW2d 789 (1995), the Court looked to the legislative purpose behind the statute to protect young persons from sexual contact by persons with whom they have a special relationship, and concluded the term affinity includes stepbrother and stepsister because they are family members related by marriage. The Court is satisfied that the same reasoning applies in the case at hand. Although Defendant and the victim are not stepbrother and stepsister, they are related by marriage through blood, and the relationship is within the fourth degree. Consequently, Defendant's motion to withdraw plea based upon illusory consideration and ineffective assistance of counsel for failing to raise this issue should be denied.

*People v. Demps,* No. 2004-4366, Slip. Op. at * 3.

State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975). What is essential to establish the elements of a crime is a matter of state law. *See Sanford v. Yukins,* 288 F. 3d 855, 862 (6th Cir. 2002). In the present case, the trial court concluded that Petitioner and his "stepcousin" were related by marriage through blood or affinity, thus, their relationship was within the fourth degree for purposes of Michigan's first-degree criminal sexual conduct. The Michigan Court of Appeals and the Michigan Supreme Court subsequently upheld this finding on appeal, albeit by form order. This court must defer to the state trial court's interpretation of § 750b(1)(b)(ii) to prohibit Petitioner's act of sexually assaulting the fourteen-year-old stepdaughter of his maternal uncle.

Illusory representations made by the prosecutor to induce a defendant to waive his right to trial and enter a guilty plea have been found to constitute coercion justifying the withdrawal of a guilty plea. *See Spearman v. United States*, 860 F. Supp. 1234, 1249 (E.D. Mich. 1994). In this case, however, as mentioned above, the Macomb County Circuit Court, and the Michigan appellate courts, by implication in denying Petitioner's application for leave to appeal, found that Petitioner could properly be charged with first-degree criminal sexual conduct under § 750b(1)(b)(ii). Moreover, the prosecutor in this case agreed to dismiss two additional criminal sexual conduct charges against Petitioner and further agreed that Petitioner's minimum sentence would be no greater than fifteen years. This court concludes that the plea and sentence agreement was not illusory because Petitioner was promised the dismissal of charges, which amounted to a real, tangible benefit in consideration for the plea.

*Daniels v. Overton*, 845 F. Supp. 1170, 1174 (E.D. Mich. 1994). Because Petitioner derived a real benefit from his plea bargain in this case, his plea was not illusory and he is therefore not entitled to habeas relief on his first claim. *See McAdoo v. Elo,* 365 F. 3d 487, 498 (6th Cir. 2004).

### B.  Sentencing

Petitioner next contends that he is entitled to re-sentencing, because several of the offense variables for his sentencing guidelines range under the Michigan Sentencing Guidelines range were improperly scored. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). The offense of first-degree criminal sexual conduct carries a sentence of any term of years up to life in prison. Petitioner received a sentence of 14 to 40 years in prison on this offense. Because Petitioner's sentence was within the bounds set by statute, this court will not disturb the sentence on habeas review. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009-10 (E.D. Mich. 1999).

Petitioner is not entitled to habeas relief on his claim that the trial court improperly scored his sentencing guidelines range. A Michigan trial court's allegedly improper interpretation of the state's sentencing guidelines is not a cognizable claim for federal habeas review. *Whitfield v. Martin,* 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001). Petitioner has no state-created liberty interest in having the Michigan

sentencing guidelines applied rigidly in determining his sentence. *Thomas v. Foltz*, 654 F. Supp. 105, 106-107 (E.D. Mich. 1987). To the extent that Petitioner is claiming that his sentence violates the Michigan state sentencing guidelines, his claim is not cognizable in a habeas proceeding because it is a state law claim. *Id.; see also Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001)*; Welch*, 49 F. Supp. 2d at 1009 (petitioner not entitled to habeas relief on claim that trial court improperly departed above the sentencing guidelines range).

### C. Ineffective Assistance of Counsel

Petitioner lastly contends that he was deprived of the effective assistance of counsel. To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, the defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Id.* at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A petitioner is not entitled to habeas relief on his ineffective

assistance of counsel claim if the state court's rejection of the claim was a reasonable application of *Id.* at 1010.

Petitioner first contends that defense counsel was ineffective for failing to move to withdraw his guilty plea on the ground that it was illusory. An attorney's failure to challenge an illusory plea bargain is ineffective assistance of counsel. *Spearman v. United States,* 860 F. Supp. at 1244. Because, for the reasons stated above, Petitioner's guilty plea was not illusory, counsel was not ineffective for failing to object to the guilty plea.

Petitioner next contends that his trial counsel was ineffective for failing to object to several of the offense variables in his Michigan Sentencing Guidelines. Petitioner's sentencing guidelines were scored by the trial court at 126 to 210 months. Petitioner contends that had his sentencing guidelines range been properly scored, his sentencing guidelines range would have been 108 to 180 months.

A defendant has a constitutional right to the effective assistance of counsel at sentencing. *Wilson v. United States*, 962 F. 2d 996, 997 (11th Cir. 1992). "[A] failure to investigate, participate in, and prepare for the sentencing proceedings fails to satisfy an objective standard of reasonable representation and therefore falls below Sixth Amendment standards for effective assistance of counsel." *Arredondo v. United States,* 178 F. 3d 778, 788 (6th Cir. 1999).

With respect to a defendant's efforts to demonstrate prejudice arising from ineffective assistance of counsel in the context of a noncapital sentencing, a habeas court must determine whether there is a probability that, but for counsel's deficiency, the defendant's sentence would have been "significantly less harsh." *United States v.*

9

*Walker*, 68 F. 3d 931, 934 (5th Cir. 1995).

In the present case, Petitioner's minimum sentence of 168 months or 14 years was within what he contends would have been the correct sentencing guidelines range of 108 to 180 months. In Michigan, sentences within a correctly scored guidelines range are presumptively proportionate. *Hastings,* 194 F. Supp. 2d at 673-74 (internal citation omitted). Because Petitioner's sentence was within what Petitioner contends would have been the correctly scored guidelines range, Petitioner is unable to establish that he would have received a significantly less harsh sentence had his trial counsel objected to the alleged errors in the scoring of the offense variables. Accordingly, Petitioner is not entitled to habeas relief on his third claim.

### D. Certificate of Appealability

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In deciding to dismiss the habeas petition, the court has, of course, studied the case record and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901 (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997), *rev'd in part on other grounds*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition does not present any claims upon which habeas relief may be granted.

## IV. CONCLUSION

Accordingly, the petition for writ of habeas corpus [Dkt. # 1] is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

                                                                     S/Robert H. Cleland  
                                                                     ROBERT H. CLELAND  
                                                                     UNITED STATES DISTRICT JUDGE

Dated: March 17, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 17, 2008, by electronic and/or ordinary mail.

                                                                     S/Lisa Wagner  
                                                                     Case Manager and Deputy Clerk  
                                                                     (313) 234-5522